IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of WILLARD and KIRSTEN GRAHAM<br><br>                    Plaintiff,<br>     v.<br><br>TITEFLEX CORPORATION<br><br>                    Defendant. | CIVIL ACTION NO.:  3:14 cv 945 MPS |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TITEFLEX CORPORATION, GASTITE DIVISION'S MOTION TO DISMISS

Defendant Titeflex Corporation, Gastite Division ("Titeflex") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and under the doctrine of *forum non conveniens*.

### INTRODUCTION

This is an insurance subrogation case with no relation to the state of Connecticut. Rather, this claim arises from a residential house fire that occurred in Wayton, Pennsylvania. The home, every entity involved in the construction of the home, the witnesses, documents, first responders, and all other witnesses and documents related to this action are located in Pennsylvania. Importantly, Pennsylvania law governs the substantive claims in this case. No witnesses or records – or anything else – are located in Connecticut.

The only thing not in Pennsylvania is a statute of limitations that arguably could allow Plaintiff Allstate Property and Casualty Insurance Company as subrogee of Willard and Kirsten Graham ("Plaintiff") to bring its claim there. The only reason Plaintiff filed suit in Connecticut

is because the statute of limitations in Pennsylvania has expired.  By doing so, Titeflex is unable to assert a third-party complaint in this case against a necessary third-party, a Pennsylvania-based company, because Connecticut does not have personal jurisdiction over it.

A Connecticut court is not the appropriate forum for Plaintiff's claim.  This is especially true because – despite the fact that Plaintiff has asserted a claim under Connecticut law – under a choice of law analysis, Pennsylvania law must apply.  Pennsylvania courts should be the ones to interpret Pennsylvania laws that affect Pennsylvania citizens.

The Court should dismiss Plaintiff's Complaint for two separate reasons.  First, pursuant to Federal Rule of Civil Procedure 12(b)(6), the sole count in the Complaint, which was asserted under Connecticut law, must be dismissed because Pennsylvania's – not Connecticut's – law applies in this case.  Second, under the well-established doctrine of *forum non conveniens*, this action should be dismissed because Plaintiff failed to bring suit in the appropriate court.

## FACTUAL BACKGROUND

Plaintiff, an Illinois corporation, commenced this suit against Titeflex on June 30, 2014.  Complaint, ¶ 1.  Plaintiff's Complaint alleges that the home of its insured, Willard and Kirsten Graham, is located at 506 West Beechtree Lane, Wayne, Pennsylvania ("Residence").  *Id.*, ¶ 2.  Plaintiff further alleges that Titeflex manufactured the corrugated stainless steel tubing, commonly referred to as CSST, installed in the Residence.  *Id.*, ¶¶ 7-8.  Plaintiff alleges that, during an August 21, 2011 thunderstorm, lightning struck the Residence and that energy from the lightning perforated the CSST and caused a fire that damaged the Residence.  *Id.*, ¶ 10.  Plaintiff brings a products liability action under Connecticut General Statutes Section 52-572(m) *et seq.*, and seeks to recover from Titeflex the amounts that it paid to its insured for the damage allegedly caused to the Residence.  *Id.*, ¶¶ 11, 14.

Although Plaintiff failed to mention this in its Complaint, another entity, in addition to Titeflex, was also put on notice for this claim. On September 27, 2011, representatives from Collins Plumbing & Heating Inc. ("Collins Plumbing") attended a joint scene inspection of the Residence. *See* Declaration of Carl Switzer in Support of Titeflex's Motion to Dismiss ("Switzer Decl."), submitted herewith, Ex. A, ¶ 2.[1] Counsel for Plaintiff informed Titeflex that Collins Plumbing installed the CSST in the Residence. Switzer Decl., ¶ 3. Collins Plumbing is a Pennsylvania company. Switzer Decl., Ex. B, ¶ 4. Despite putting Collins Plumbing on notice of this claim, Plaintiff has not asserted any claim against Collins in this action.

## ARGUMENT

I. **PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6) BECAUSE PENNSYLVANIA, AND NOT CONNECTICUT, LAW APPLIES IN THIS CASE.**

Plaintiff erroneously brings a claim under Connecticut law when, in fact, Pennsylvania law is controlling. Connecticut applies two doctrines to substantive choice of law questions: *lex loci delicti* and the Restatement (Second) of the Conflict of Laws ("Restatement"). *See Williams v. State Farm Mut. Auto. Ins. Co.*, 229 Conn. 359, 370 (1994). Under either doctrine, Pennsylvania law applies to this case. Because Pennsylvania law applies and the sole count in Plaintiff's Complaint is brought under Connecticut law, Plaintiff has failed to state a claim upon which relief can be granted and this case must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

A. **Pennsylvania Law Applies Under the Restatement.**

Connecticut courts have recently "recognized that, in certain circumstances in which the traditional doctrine does not apply, the better rule is the analysis contained in the Restatement

---

[1] Extrinsic evidence can be considered on a motion to dismiss based on *forum non conveniens*. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (considering affidavits submitted in support of the *forum non conveniens* motion).

3

(Second) of the Conflict of Laws." *Williams*, 229 Conn. at 370.  Under the Restatement, the law of the state that has the ***most significant relationship*** to the occurrences and parties applies. *See* Restatement (Second) of the Conflict of Laws, § 145 (1971).  Contacts to consider in this analysis include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."  *Id.*  Furthermore, "[t]hese contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id.*

        1.    <u>The injury and place where the conduct causing the injury occurred are in Pennsylvania.</u>

In this case, the first two factors – the place of injury and where the conduct causing the injury occurred – both weigh heavily in favor of the application of Pennsylvania law.  "When the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law with respect to most issues involving the tort."  Restatement (Second) of the Conflict of Laws, § 145, comment (e).  The court should also consider the "relevant policies of all potentially interested states and the relevant interests of those states in the decision of the particular issue."  *Id.*

According to the allegations in the Complaint, the entirety of the alleged injury in this case occurred to the Residence, which is permanently and undisputedly located in Pennsylvania. Complaint, ¶ 2.  The alleged injury occurred due to a thunderstorm and subsequent lightning strike in Pennsylvania that allegedly attached to the Residence. *Id.*, ¶ 10.  Plaintiff makes no allegation of any conduct or injury occurring in Connecticut.

In a fact-based product liability case like this one, these first two factors strongly support the application of Pennsylvania's product liability law.

> 2. <u>The domicile, residence, nationality, place of incorporation and place of business of the parties do not favor application of Connecticut's substantive law in this case.</u>

The parties to this lawsuit are not generally located in Connecticut.  Plaintiff is not incorporated in Connecticut; rather it is an Illinois corporation with its principal place of business in Northbrook, Illinois. Complaint, ¶ 1.  Plaintiff's subrogors in this case, Willard and Kirsten Graham, reside in Pennsylvania.  *Id.*, ¶ 2.  While Titeflex is incorporated under the laws of the state of Connecticut, *id*., ¶ 3, Titeflex maintains no office, employees or any type of facility in Connecticut.  Switzer Decl. ¶ 5.  Rather, its principal place of business is in Portland, Tennessee. *Id*.

While not currently a party to this lawsuit, Collins Plumbing is a Pennsylvania corporation that does business in Pennsylvania.  As the installer of the CSST in the Residence, *see* Switzer Decl., ¶ 3, Collins Plumbing is an integral part of this dispute.  Failure to install CSST per applicable code and manufacturer's instructions, as Titeflex will establish in this case, will affect the CSST's susceptibility to damage from stray currents.  However, because of Plaintiff's decision to bring suit in Connecticut, as the statute of limitation had run in Pennsylvania, Collins Plumbing – a key player in this dispute – cannot properly be joined because Connecticut courts do not have personal jurisdiction over it.

With a limited connection to Connecticut among the parties, this factor disfavors the application of Connecticut law to this dispute.

> 3. <u>The relationship between Plaintiff and Titeflex arises solely out of the incident that occurred in Pennsylvania.</u>

Plaintiff and Titeflex have no relationship outside of the incident alleged in the Complaint, which is entirely centered in Pennsylvania.  Pennsylvania is where the Residence is located, the incident arose, the evidence resides, and the majority of witnesses are located.

Taking all factors into consideration, Pennsylvania has the most significant relationship to the incident and Pennsylvania law should apply.

### B. Pennsylvania Law Would Still Apply Under the *Lex Loci* Doctrine.

Even under the more traditional *lex loci delicti* doctrine, Pennsylvania law applies in this case. Under *lex loci*, the substantive law is determined by the law of the place of injury. *Williams*, 229 Conn. at 370. As set forth above, the place of injury is Pennsylvania. No injury exists anywhere in Connecticut or to any Connecticut resident or entity. Accordingly, under the *lex loci* doctrine, Pennsylvania law also applies.

### C. Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Under Pennsylvania Law.

Having established that Pennsylvania, and not Connecticut, law applies, it is clear that Plaintiff failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint warrants a Rule 12(b)(6) dismissal because its sole cause of action is under Connecticut General Statutes Section 52-572(m) *et seq*. Complaint, ¶ 14. Having established that Connecticut law is inapplicable, Plaintiff is left without a claim.

In an analogous case, *Svege v. Mercedes Benz Credit Corp.*, this Court dismissed the case for failure to state a claim based upon similar circumstances. 182 F. Supp. 2d 226 (D. Conn. 2002). There, defendant moved to dismiss under Rule 12(b)(6) claiming that Pennsylvania law, not Connecticut law, applied, leaving the Connecticut statute under which that suit was brought (Connecticut's Automobile Rental Statute) inapplicable. *Id.* at 228. Because the Connecticut statute was inapplicable, plaintiff had not asserted a claim upon which relief could be granted. *Id.*

Here, the Connecticut statute under which Plaintiff brings suit, as in *Svege*, is inapplicable to the claims asserted by Plaintiff. Because Pennsylvania law applies and because the Connecticut law upon which Plaintiff relies has no application in this case, Plaintiff fails to

6

state a claim.  Accordingly, Titeflex asks this Court to grant its motion to dismiss for failure to state a claim upon which relief can be granted.

II.     **PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* BECAUSE CONNECTICUT IS NOT THE PROPER FORUM FOR ITS CLAIM.**

Connecticut is not the proper forum for Plaintiff's claim, which arises entirely out of a fire occurring at a home in Pennsylvania.  Under the common law doctrine of *forum non conveniens*, a court may dismiss a case which is not brought in an appropriate court.  This case – where all the witnesses and evidence are located, and the injury occurred, in a different state – is precisely the type of situation in which the doctrine of *forum non conveniens* is meant to apply.  Titeflex asks this Court to dismiss Plaintiff's lawsuit under the doctrine of *forum non conveniens* because Connecticut is not the proper state in which to bring Plaintiff's products liability claim.

A.      **Connecticut Is Not the Appropriate Forum for this Lawsuit.**

To withstand a dismissal based on *forum non conveniens*, Plaintiff or this lawsuit must have a *bona fide* connection to Connecticut.  *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).  Relevant factors are "the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense."  *Id.*  If Plaintiff's choice is "motivated by forum-shopping reasons – such as attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case," defendant's motion to dismiss on this basis garners far more merit. *Id.*

All these factors weigh in favor of dismissing this case under the doctrine of *forum non conveniens*.

        1.    <u>Connecticut is not a convenient forum for Plaintiff.</u>

The state of Connecticut is not a convenient forum for Plaintiff in relation to its residence. While deference is generally afforded to a plaintiff's choice of forum, this is **only** the case where Plaintiff sues in its home forum (which is presumed to be convenient). *See Iragorri*, 274 F.3d at 71. Here, Plaintiff has no basis for asserting that it brought suit in Connecticut for its own convenience. Plaintiff is an Illinois company, Complaint, ¶ 1, suing as subrogee of residents of Pennsylvania, where nearly all of the purported evidence that would be needed to prove its case is located. There is nothing convenient about Connecticut for the Plaintiff.

While Plaintiff alleges that it is authorized to conduct business and it issues insurance policies in Connecticut, Complaint, ¶ 1, no insurance policy issued in Connecticut is at issue in this case. The fact that Plaintiff may conduct business that is unrelated to this lawsuit in the state of Connecticut does not make Connecticut a more convenient forum for Plaintiff than Pennsylvania.

        2.    <u>Almost all evidence and witnesses are in Pennsylvania, and no evidence or witnesses are in Connecticut.</u>

In determining whether a case should be dismissed under the doctrine of *forum non conveniens*, this Court must also weigh the "availability of witnesses or evidence to the forum district." *Iragorri*, 274 F.3d at 72. The great expense and trouble of requiring evidence and witnesses in Pennsylvania to appear in Connecticut weighs heavily in favor of dismissal of this Connecticut case. Nearly all of the alleged events giving rise to Plaintiff's claim – the Residence, CSST, permits, and building plans – are located in Pennsylvania. By sharp contrast, no relevant evidence is located in Connecticut. Titeflex does not even maintain an office or operations in Connecticut. *See* Switzer Decl. ¶ 5. Additionally, most of the witnesses in this case are located in Pennsylvania, including:

- Homeowners, Willard and Kirsten Graham;

- General contractor;

- Sub-contractors/installers, such as Collins Plumbing (a Pennsylvania company);

- City officials in the building code enforcement and inspection department;

- Inspector who approved the construction of the Residence;

- First responders, including the fire marshal and fire department;

- Titeflex manufacturer's representative;

- Distributor of the CSST;

- Seller of the CSST; and

- Regional sales manager.

*See id*. ¶ 6. Plaintiffs will certainly seek testimony from Titeflex employees. However, most of these employees are located in Tennessee and/or Massachusetts, and importantly none in Connecticut. *See id*. ¶ 7.

Indeed, ***not one witness in this case is located in the state of Connecticut***. Based on these facts and the inconvenience and expense of trying this case in Connecticut, Connecticut is an improper forum for this dispute.

   3. <u>Litigating this case in Connecticut provides no advantage to Titeflex.</u>

Plaintiff should be foreclosed from arguing that it is bringing suit in Connecticut for Titeflex's benefit. Although Titeflex is subject to personal jurisdiction in Connecticut, Titeflex also is amenable to jurisdiction in Pennsylvania. Having no office or operations in Connecticut and with most of the witnesses and evidence in this case located in Pennsylvania, Titeflex is conferred no benefit in trying this lawsuit in Connecticut.

       4.    <u>Appropriate legal assistance is available in Pennsylvania and Connecticut.</u>

Plaintiff and Titeflex can both avail themselves of appropriate legal counsel in Connecticut – however, both could also obtain counsel in Pennsylvania. In fact, Plaintiff is already receiving representation *in this case* by counsel located in Pennsylvania. *See* Complaint, p. 4. Titeflex too had legal counsel in Pennsylvania at the time of the filing of this case, but did not have counsel in Connecticut at that time. *See* Switzer Decl. ¶¶ 8, 9.

Under these factors, it is clear that Connecticut is an inconvenient forum for this dispute, and that it should have been more appropriately brought in Pennsylvania.

    **B.**    **Permitting This Suit to Proceed in Connecticut Will Burden Connecticut Courts with Foreign Claims.**

There appear to be only two reasons why Plaintiff filed this lawsuit in Connecticut: Titeflex happens to be incorporated in Connecticut and the Pennsylvania statute of limitations expired on Plaintiff's claim. Allowing this lawsuit to proceed in Connecticut based solely on Titeflex's incorporation will promote forum-shopping and open the floodgates to any claim – regardless of location of the dispute, witnesses, applicable law, *etc.* – to proceed in Connecticut courts where Connecticut provides more favorable procedural law.

Furthermore, as set forth above, Pennsylvania substantive law applies in this case, and this Court should dismiss this action so that a Pennsylvania court can address questions of Pennsylvania law. *See Union Carbide Corp. v. Aetna Cas. and Sur. Co.*, 212 Conn. 311 (1989) (upholding dismissal based upon *forum non conveniens* where defendant's only link to Connecticut was that it was headquartered there). This Court should reject Plaintiff's attempt to push this claim into a forum where it does not belong, and dismiss Plaintiff's claim under the doctrine of *forum non conveniens*.

## CONCLUSION

For the foregoing reasons, Titeflex respectfully requests that this Court grant its motion and dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim because Connecticut law does not apply to this case, and under the doctrine of *forum non conveniens* because Connecticut is not the appropriate forum for this action.

Dated: September 18, 2014                    Respectfully submitted,

                                             The Defendant,
                                             TITEFLEX CORPORATION, GASTITE
                                             DIVISION
                                             By Its Attorneys:


                                             /s/George W. Marion
                                             George W. Marion – Federal No. CT11442
                                             Bulkley, Richardson and Gelinas, LLP
                                             1500 Main Street, Suite 2700
                                             P. O. Box 15507
                                             Springfield, MA  01115
                                             Tel. (413) 272-6249 / Fax (413) 272-6802
                                             E-mail:  gmarion@bulkley.com

**Certificate of Service**

       I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on September 18, 2014

                                  /s/ George W. Marion
                                  George W. Marion

1857149v1