IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of WILLARD and KIRSTEN GRAHAM<br><br>Plaintiff,<br><br>v.<br><br>TITEFLEX CORPORATION<br><br>Defendant. | Case No.: 3:14-cv-00945-MPS<br><br><br><br>**JURY DEMANDED** |

## AMENDED COMPLAINT

NOW COMES plaintiff, Allstate Property and Casualty Insurance Company, as subrogee of Willard and Kirsten Graham, by and through its attorneys, as and for its Amended Complaint against defendant Titeflex Corporation, states as follows:

## PARTIES

1.      Plaintiff, Allstate Property and Casualty Insurance Company ("Allstate") is an Illinois corporation, with its principal place of business at 2775 Sanders Road, Northbrook, Illinois, which, at all times material hereto, was authorized to conduct business and issue insurance policies in the Commonwealth of Pennsylvania and State of Connecticut.

2.      Defendant, Titeflex Corporation ("Titeflex"), is a Connecticut corporation with a principal place of business located at 603 Hendee Street, Springfield, MA, which maintains a registered agent at CT Corporation System, One Corporate Center, 11th Floor, Hartford, CT 06103-3220.  At all times relevant, Titeflex was a resident of the State of Connecticut in the

business of manufacturing and distributing, *inter alia*, corrugated stainless steel tubing used to transport natural gas and propane in residential homes.

3. At all relevant times, defendant Titeflex was registered to conduct business in the State of Connecticut and maintains an agent for service within the State of Connecticut.

## JURISDICTION AND VENUE

4. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332, as the plaintiff and defendant are citizens of different States and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b), as the defendant is incorporated in and resides in the State of Connecticut.

## COMMON ALLEGATIONS

6. Plaintiff's insureds, Willard and Kirsten Graham ("Grahams"), are the owners of a home located at 506 West Beechtree Lane, Wayne, PA ("Subject Residence"). At all times relevant and material hereto, Allstate had in force and effect a policy of insurance issued to the Grahams, that provided insurance at the Subject Residence.

7. The Subject Residence featured a propane gas distribution system which utilized corrugated stainless steel tubing ("CSST") to transport the propane gas to appliances, to include a fireplace unit located on the first floor.

8. The CSST installed in the Subject Residence was manufactured by defendant Titeflex.

9. Prior to August 21, 2011, Titeflex knew or had reason to know of the hazards associated with damage to CSST caused by energy from direct and indirect lightning strikes.

10. On or about August 21, 2011, a thunderstorm moved into the area of the Subject Residence, accompanied by rain and lightning.

11. During the August 21, 2011 thunderstorm, lightning hit at or near the Subject Residence.

12. Electricity from the lightning strike energized the CSST in the Subject Residence which then arced to nearby conductive materials in search of ground.

13. As the arc occurred, it perforated the CSST gas line, allowing propane gas to escape from the CSST and become ignited by the heat of the arc.

14. The ignition of the flammable gas caused a fire ("The Fire") which resulted in substantial damage to the Grahams' real and personal property and denied the Grahams of the use of their property for an extended period of time.

15. As a result of The Fire, the Grahams duly made claims to Allstate pursuant to their policy of insurance, and Allstate reimbursed the Grahams for those claims in an amount in excess of $385,699.00.

16. By virtue of its payments, Allstate is now legally, equitably and contractually subrogated to the claims of the Grahams against any responsible third party, including defendant Titeflex.

## COUNT I
## PLAINTIFF v. TITEFLEX
## STRICT LIABILITY

17. Plaintiff incorporates the proceeding paragraphs as though fully set forth herein.

18. Defendant Titeflex, sold, designed and manufactured, assembled, distributed and/or otherwise placed in the stream of commerce the subject CSST gas piping in a defective condition and failed to warn of said defects, which defects and failure to warn rendered the gas piping unreasonably dangerous.

19. The CSST gas piping was defective because it was susceptible to failure when exposed to known and foreseeable conditions in a residential property and, in particular, to voltages and currents induced by direct and indirect lightning strikes.

20. The CSST gas piping was not abused or altered in any way by the Plaintiff's insureds from the condition in which it was manufactured and supplied by the Defendant and was defective and unreasonably dangerous at the time it left the control of the defendant.

21. The CSST gas piping was defective due to inadequate wall thickness, unsafe protective insulating coverings, inadequate warnings and inadequate instructions about the need for bonding and grounding which may prevent damage to the CSST associated with nearby lightning strikes and electrical arcing.

22. The CSST gas piping was defective due to inadequate warnings and instructions in that, when the gas piping left the hands of defendant Titeflex, it knew or should have known of the risks involved with the use of said product and failed to provide adequate warnings and instructions to users of the gas piping, and means to avoid those risks.

23. The CSST gas piping was defective due to inadequate warnings and instructions in that, once defendant Titeflex had actual knowledge of the dangers and risks associated with the use of said product, it failed to provide adequate warnings and instructions to users of the gas piping, and means to avoid those risks.

24. The CSST gas piping was defective in design in that, when the gas piping left the hands of the defendant Titeflex, the dangers presented by the CSST exceeded the benefits and utility associated with its design, and safer alternative designs, to include copper gas tubing and black iron pipe, were known and available to defendant Titeflex.

25. The CSST gas piping was defective in design in that it was in a condition not contemplated by its consumers and unusually dangerous for use in the Subject Residence.

26. Defendant Titeflex is strictly liable to the plaintiffs for all of the foregoing reasons.

27. The incident at issue and damages and losses sustained by plaintiff's insureds were a direct and proximate result of the catastrophic failure of defendant's CSST gas piping product which caused damages in an amount in excess of $385,699.00, for which this claim is hereby made.

WHEREFORE, Allstate Property and Casualty Insurance Company, as subrogee of Willard and Kirsten Graham, respectfully requests that this Court enter judgment in its favor and against defendant Titeflex , Inc. in an amount in excess of $385,699.00, together with interest and the costs of this action.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues triable as of right by a jury.

Plaintiff
By its attorneys,

**COZEN O'CONNOR**

BY:/s/Mark E. Utke
Mark E. Utke, Esquire
(PHV No. ct 22621)
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Fax: (215) 665-2013

-and-

                                          Stuart G. Blackburn
                                        Juris No.: 413638
                                        Law Offices of Stuart G. Blackburn
                                        Two Concorde Way
                                        P. O. Box 608
                                        Windsor Locks, CT  06096
                                        (860) 292-1116
                                        Fax:  (860) 292-1221