IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of WILLARD and KIRSTEN GRAHAM<br><br>　　　　　　Plaintiff,<br>　v.<br><br>TITEFLEX CORPORATION<br><br>　　　　　　Defendant. | CIVIL ACTION NO.:  3:14 cv 945 MPS |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TITEFLEX CORPORATION, GASTITE DIVISION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Titeflex Corporation, Gastite Division ("Titeflex") respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Complaint under the doctrine of *forum non conveniens*.

Titeflex previously filed a Motion to Dismiss Plaintiff's Complaint on September 18, 2014 for failure to state a claim upon which relief can be granted and under the doctrine of *forum non conveniens*.  In regards to Plaintiff's failure to state a claim, Titeflex alleged that Pennsylvania, not Connecticut, law applied, and thus Plaintiff's Complaint alleging products liability under Connecticut General Statutes Section 57-572(m) *et seq*. did not state a claim.  On October 1, 2014, Plaintiff filed an Amended Complaint, removing reference to Connecticut law and instead bringing a claim for strict liability, presumably under Pennsylvania law.  *See* Amended Complaint ¶¶ 18-27.  In its Amended Complaint Plaintiff still fails to show any basis for why Connecticut is the proper forum for this dispute arising entirely in Pennsylvania. Indeed, Plaintiff's Amended Complaint implicitly admits that Pennsylvania law applies to this dispute, providing further justification for dismissal of this case under the doctrine of *forum non*

*conveniens*.

Titeflex therefore renews its motion to dismiss under the doctrine of *forum non conveniens* and incorporates by reference its original Motion to Dismiss (Docket No. 15), its Memorandum of Law in Support of Its Motion to Dismiss (Docket No. 16), and the Declaration of Carl E. Switzer (Docket No. 17).[1]  In Part II of its Memorandum of Law, Titeflex sets forth why this case – which alleges facts arising only in Pennsylvania, which will be decided under Pennsylvania law, and which has no factual basis in Connecticut – should be heard in Pennsylvania, not Connecticut.

Furthermore, Titeflex will face prejudice and undue hardships should this case proceed in Connecticut courts.  As noted on page 5 of Titeflex's Memorandum of Law in Support of Its Motion to Dismiss, Collins Plumbing & Heating Inc. ("Collins Plumbing") is a key player in this dispute as the installer of the Gastite brand corrugated stainless steel tubing ("CSST") at issue.  A central part of Titeflex's defense will be that Collins Plumbing's improper installation of the CSST made the gas piping system more vulnerable to lightning damage, and that the fire at the home of Plaintiff's subrogors would not have happened but for Collins Plumbing's negligence.  However, since Connecticut courts do not have jurisdiction over Collins Plumbing, a Pennsylvania corporation, should Plaintiff prevail Titeflex will be forced to re-litigate this exact dispute in Pennsylvania for indemnity and contribution against Collins Plumbing.  This duplicative proceeding leaves the door open for inconsistent rulings, and practically will result in excessive litigation costs for Titeflex.  Titeflex would essentially pay the price for Plaintiff's failure to timely file suit in Pennsylvania.

---

[1] While the paragraph numbering in the Amended Complaint changed slightly from the Complaint, the substance of the allegations remains substantially the same in the Amended Complaint.

For the foregoing reasons and the reasons set forth in Titeflex's original Motion to Dismiss and supporting documents, Titeflex respectfully requests that this Court grant its motion to dismiss Plaintiff's Amended Complaint under the doctrine of *forum non conveniens* because Connecticut is not the appropriate forum for this action.

October 20, 2014                                        Respectfully submitted,

                                                                          The Defendant,
TITEFLEX CORPORATION, GASTITE DIVISION
By Its Attorneys:

/s/George W. Marion
George W. Marion – Federal No. CT11442
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P. O. Box 15507
Springfield, MA  01115
Tel. (413) 272-6249 / Fax (413) 272-6802
E-mail:  gmarion@bulkley.com

## Certificate of Service

  I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on October 20, 2014

               /s/ George W. Marion
               George W. Marion

1873584v1