## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of WILLARD and KIRSTEN GRAHAM | ) ) ) ) | Case No.: 3:14-cv-00945-MPS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **JURY DEMANDED** |
| TITEFLEX CORPORATION | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### I.   INTRODUCTION

This case arises from a design defect, product liability action asserted against defendant Titeflex Corporation ("Titeflex"). The product at issue is corrugated stainless steel tubing ("CSST") which is used in residential housing to supply propane gas to appliances. As alleged in plaintiff's Complaint, the CSST product is too thin which renders it susceptible to energy dissipated during routine thunder storms. When exposed to this energy, the CSST perforates, releasing flammable gas and creating a blow torch effect. The end result is a catastrophic, gas-fed fire. CSST has been the subject of two class action lawsuits and has been blamed for causing hundreds, if not thousands, of fires throughout the country.

Defendant Titeflex seeks a dismissal of plaintiff's Amended Complaint based on the doctrine of *forum non conveniens* as set forth in 28 U.S.C. § 1406(a). For the following reasons, defendant's Motion to Dismiss should be denied.

II.    **LEGAL ARGUMENT**

    A.    **Venue in this district is proper.**

Venue in this case is founded solely upon diversity and is governed by 28 U.S.C. § 1391(b)(1) because it is filed in a judicial district in which the corporate defendant, Titeflex, resides. (*See*, Certification of Counsel, par. 2). In addition, § 1391(c) provides that a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *See*, *Broadcast Marketing Int'l., Ltd. v. Prosource Sales & Mktg., Inc.*, 345 F. Supp. 2.d 1053, 1064 (D. Conn. 2004) (§ 1391(c) clarifies that a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced). As explained by the *Broadcast* court, "Essentially § 1391(c) equates jurisdiction with venue for corporate defendants". *Id.* at 1064 *citing*, *Divicino v. Polaris Industries*, 129 F. Supp. 2d 425, 435 (D. Conn. 2001) (additional citations omitted).

As applied in this case, Titeflex is a Connecticut corporation with a principal place of business located at 603 Hendee Street in Springfield, Massachusetts. Defendant Titeflex is registered to conduct business in the State of Connecticut and maintains an agent for service within the State of Connecticut. There can be no question that Titeflex has availed itself to personal jurisdiction within the State of Connecticut.

    B.    **The doctrine of *forum non conveniens* does not apply in this case.**

Defendant Titeflex asserts that it is entitled to a dismissal of the plaintiff's Complaint under the common law doctrine of *forum non conveniens*. The doctrine of *forum non conveniens* and its applicability to the facts of this case are very similar to this Court's analysis and ruling in *Henderson v. Floorgraphics, Inc.*, 153 F. Supp. 2d 133 (D. Conn. 2001). In *Henderson*, the plaintiff, a Connecticut citizen, filed an action against his employer. The employer sought to

dismiss the action based on the doctrine of *forum non conveniens*, because the transactions underlying the complaint occurred in New Jersey and were the subject of a pending state court action in that jurisdiction.

In analyzing the defendant's proposed application of the doctrine of *forum non conveniens*, this court noted that there are three possible avenues for evaluating the propriety of venue under federal law: 28 U.S.C. § 1406(a), 28 U.S.C. 1404(a), and the common law doctrine of *forum non conveniens*. *Id.* at 135. Under § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall be dismissed, or if it be in the interest of justice, transfer of such case to any district or division in which it could have been brought." *Id.* The *Henderson* court then provided the following analysis regarding § 1404(a):

> § 1404(a), in contrast, applies to those circumstances where venue is proper in the district in which the case is brought, but transferred to another federal district court in which the case could originally have been brought would serve "the convenience of parties and witnesses, in the interest of justice". Finally, the doctrine of *forum non conveniens* permits a court to dismiss a case over which it has jurisdiction, where factors of convenience and justice demonstrate that the case should proceed in an alternative, non-federal forum.

*Id., see also, Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 Led. 1055 (1947); *Wiwa v. Royal Dutch Petroleum Co.*, 226 F. 3d 88, 100 (2nd Cir. 2000); *Guidi v. Intercontinental Hotels Corp.*, 203 F. 3d 130 (2nd Cir. 2000).

More importantly, the *Henderson* court recognized that recent case law cast serious doubt on the viability of dismissals for *forum non conveniens* grounds where the alternative forum is a domestic state court, rather than a foreign country. *Id.* at 137. "For example, the Supreme Court has observed in *dicta* that '[a]s a consequence [of the enactment of § 1404(a)], the federal doctrine of *forum non conveniens* has continuing application *only* in cases where the alternative forum is abroad." *Id.* citing, *American Dredging Company v. Miller*, 510 U.S. 443, 449 n.2 114

S.Ct. 981, 127 L.Ed.2d 285 (1994)(*emphasis in original*); *accord, DiRienzo v. Phillip Servs. Corp.*, 232 F.3d 49, 56 (2nd Cir. 2000).

The *Henderson* court denied the defendant's Motion to Dismiss under the doctrine of *forum non conveniens* and found this to be an insufficient basis to warrant the dismissal of the plaintiff's cause of action.  As the *Henderson* court held:

> Accordingly, to the extent that defendant finds Connecticut an inconvenient forum for adjudication of this dispute, its remedy is a transfer pursuant to § 1404(a).  However, as previously noted, defendant does not seek a transfer, and has placed all its eggs in the dismissal basket.

Similarly, in this case, defendant Titeflex does not seek a transfer of venue pursuant to § 1404(a) and seeks an outright dismissal of plaintiff's Complaint under the doctrine of *forum non conveniens*.  As noted by the *Henderson* court, the potential remedy is not a dismissal but a transfer of venue, which has also not been sought by the defendant in this case.

**B.      There is no undue hardship imposed on defendant Titeflex from litigating this case in Connecticut.**

Defendant Titeflex suggests that, because the fire in this case occurred in Wayne, Pennsylvania, it will suffer irreparable harm and undue prejudice from litigating this case in the State of Connecticut.  First and foremost, it should be recognized that this design defect product liability claim primarily involves the testimony of experts retained from across the United States.  While the defendant has not named any of its experts that will testify in this matter, its investigator that conducted the fire cause and origin investigation at the loss scene is George Saunders, P.E.  Mr. Saunders' investigative company is Beacon Scientific, located in Saverna Park, Maryland.  In addition, as set forth in the attached Certification of Counsel, plaintiff will be utilizing the following experts, just as it has previously retained these individuals in the multitude of lawsuits arising from similar failures of CSST across the United States:

1.      Thomas W. Eagar, Sc.D., P.E. (Metallurgy and Arc Physics),
        Massachusetts Institute of Technology, Cambridge, Massachusetts;

2.      Earl Williams, Ph.D. (Lightning), Massachusetts Institute of Technology,
        Cambridge, Massachusetts;

3.      Kenneth McLauchlan, P.E. (Mechanical Engineering), Savannah, Georgia;

4.      Mark Goodson, P.E. (CSST Expert), Denton, Texas;

5.      Louis Gahagan, CFEI (Cause and Origin), Lafayette Hill, Pennsylvania.

[*See*, Certification of Counsel, par. 6]

In support of its claim that Connecticut is an inconvenient venue, defendant Titeflex attempts to provide a "non-exhaustive" laundry list of individuals that it contends will need to be deposed in this matter.  Notwithstanding the limitation on the number of depositions that a party is permitted to take in any civil action pursuant to Fed.R.Civ.P. 30(a)(2)(A)(i) (limitation of 10 depositions), many of the individuals have questionable relevance to the product defect at issue. By way of example, defendant Titeflex has listed the General Contractor, Subcontractors, City Officials in the Building Inspection Department and the Inspector that approved the construction of the residence as essential witnesses that it will need to depose. It should be noted that the Graham residence was constructed in the year 1928.  (*See* Real Estate Listings, attached to Certification of Counsel as Exhibit "B").  To the extent these witnesses are even alive, it is unrealistic that they will have information that is remotely relevant to this design defect case.  It is respectfully asserted that counsel has attempted to provide an unrealistic list of witnesses as a means of bolstering its argument that the Courts of Connecticut are inconvenient to its client.

As recognized by the *Henderson, supra.,* court, the geographic distance between Connecticut and New Jersey is not prohibitively far to merit dismissal or support the defendant's "heavy burden" of showing that "pertinent factors tilt strongly in favor of trial in the foreign forum." 153 F.Supp.2d at 138, note 3. *citing Wiwa, supra*, 226 F.3d at 100. Similarly, the fact that several potential witnesses reside in Pennsylvania should not warrant a dismissal of this

action, as the geographic distance is not significant in this case either[1].  Bridgeport, Connecticut and Philadelphia, Pennsylvania are not prohibitively distant in this regard, as both are serviced by an Amtrak rail line.   Moreover, counsel for defendant Titeflex is located in San Francisco, California and, as indicated by defense counsel, most of Titeflex's employees are either in Massachusetts or Tennessee.   The location of defense counsel and its experts, coupled with the broad scope of geographic locations where experts and fact witnesses are located, minimizes any perceived inconvenience in litigating this matter in the State of Connecticut.

III.   **CONCLUSION**

For the aforementioned reasons, it is respectfully requested that defendant's Motion to Dismiss Plaintiff's Amended Complaint under the common law doctrine of *forum non conveniens* should be denied.

COZEN O'CONNOR

By:   */s/ Mark E. Utke, Esquire*
Mark E. Utke, Esquire
(PHV No. ct 22621)
1900 Market Street
Philadelphia, PA  19103
Phone: 215-665-2164
Fax:  215-665-2013
Attorneys for Plaintiff

LEGAL\21263823\1

---

[1]       Indeed, the distance between Maryland and Pennsylvania did not prevent the defendant from retaining a Maryland fire cause and origin investigator.

## CERTIFICATE OF SERVICE

I certify that Plaintiff's Opposition to defendant's Motion to Dismiss and Certification of Counsel were filed on November 3, 2014 using the Court's ECF system.  Notice of this filing will be sent electronically to all parties of record.

*/s/ Mark E. Utke, Esquire*