IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY as<br>subrogee of WILLARD and KIRSTEN<br>GRAHAM<br><br>    Plaintiff,<br><br>v.<br><br>TITEFLEX CORPORATION<br><br>    Defendant. | Case No.: 3:14-cv-00945-MPS<br><br><br><br>**JURY DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
TITEFLEX'S MOTION TO TRANSFER VENUE**

I.  **INTRODUCTION**

This case arises from a design defect, product liability action asserted against defendant Titeflex Corporation ("Titeflex"). The product at issue is corrugated stainless steel tubing ("CSST") which is used in residential housing to supply propane gas to appliances. As alleged in plaintiff's Complaint, the CSST product is too thin which renders it susceptible to energy dissipated during routine thunderstorms. When exposed to this energy, the CSST perforates, releasing flammable gas and creating a blow torch effect. The end result is a catastrophic, gas-fed fire. CSST has been the subject of two class action lawsuits and has been blamed for causing hundreds, if not thousands, of fires throughout the country.

Defendant Titeflex seeks to transfer plaintiff's cause of action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1404(a). For the following reasons, the defendant's Motion to Transfer Venue should be denied.

## II. LEGAL ARGUMENT

### A. A Transfer of Venue to the United States District Court for the Middle District of Pennsylvania is Improper.

Defendant seeks to transfer this case to the Middle District of Pennsylvania under the theory that the house fire where the damage occurred is located in Wayne, Pennsylvania. This Court should take judicial notice that Wayne, Pennsylvania is located in Delaware County, Pennsylvania. Delaware County is not located in the Middle District of Pennsylvania. Rather, Delaware County is located in the Eastern District of Pennsylvania. (*See*, 28 U.S.C. §118(a)). The Middle District of Pennsylvania has no nexus whatsoever to either the parties or claims presented in plaintiff's Amended Complaint. On its face, defendant's Motion to Transfer Venue is invalid and should be denied.

### B. Plaintiff's Choice of Forum Should Not Be Disturbed.

Defendant Titeflex argues for transfer to the Middle District of Pennsylvania pursuant to §1404(a), which authorizes transfer to another district where venue is also proper. *Cavanaugh v. Blue Beard's Castle, Inc.*, 83 F. Supp. 2d 284, 287 (D. Conn. 1999). It is well settled that "motions for transfer lie within the broad discretion of the district court and are determined upon motions of convenience and fairness on a case-by-case basis." *Bridgeport Machines, Inc. v. Alamo Iron Works, Inc.*, 76 F. Supp. 2d 214, 216 (D. Conn. 1999) *citing, In Re: Cuyahoga Equipment Corp.*, 980 F. 2d 110, 117 (1992). In determining whether transfer is proper, the court evaluates several factors in determining where a federal civil suit will be tried and is most suitable in terms of convenience, efficiency and justice. *Id.* "The court must give deference to a strong presumption in favor of a plaintiff's choice of forum, which presumption may be overcome by clear and convincing evidence that private and public interest factors favor trial in the alternative forum." *Id. citing, Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed. 2d 419 (1981). The burden of establishing facts sufficient to warrant a transfer is on the

moving party. *Bridgeport Machines, supra.* at 216 *citing, Van Ommeren Bulk Shipping, v. Tagship*, 821 F. Supp. 848 (D. Conn. 1993) (denying motion to transfer finding transfer would merely transfer the inconvenience from defendant to plaintiff and therefore not necessary to disturb plaintiff's choice of forum). When a court weighs all of the relevant factors, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Cavanaugh*, 83 F. Supp. at 287 *citing, Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L.Ed. 1055 (1947). As the movant has failed to satisfy this burden of proof to overcome the presumption in favor of the plaintiff's choice of venue, this Motion should be denied.

Numerous courts have evaluated the factors that are relevant for determining whether a transfer of venue is appropriate. Those factors are: (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties, and (9) the interest of justice. *Hawley v. Accor North America, Inc.*, 552 F.Supp.2d 256, 258 (D.Conn. 2008).

Taking these factors into consideration, there is insufficient evidence to support defendant's proposed transfer of venue. Specifically, as to the locus of operative facts, while this case involves a residential fire that occurred in Wayne, Pennsylvania, it should be recognized that all of the relevant evidence from the home was removed in a post-scene investigation. That evidence is currently located at the laboratories of plaintiff's national CSST expert, Mark Goodson, P.E., of Goodson Laboratories in Denton, Texas. The fact that the fire occurred in the Commonwealth of Pennsylvania has little or no bearing on the current location of relevant evidence to this claim. This also applies to the second factor which relates to the access to

evidence. Indeed, all of the evidence in this case is completely capable of being transported and does not represent an inconvenience to any of the parties.

As to the convenience of witnesses, while it is arguable that the installer of the CSST may have relevant knowledge regarding the installation methods used for the CSST, this is a single witness located in the Commonwealth of Pennsylvania. If anything, this case represents a unique circumstance in that relevant witnesses are located throughout the United States. By way of example, defendant Titeflex has identified its corporate representatives as being located in the Commonwealth of Massachusetts and its manufacturing facility is located in the State of Tennessee. In addition, as previously set forth in Plaintiff's Opposition to Defendant Titeflex's Motion to Dismiss based on *Forum Non Conveneins*, the experts in this matter are also scattered throughout the United States. In addition, to the extent the defendant is claiming that the forum is not convenient for the plaintiff's witnesses, it should be recognized that the defendant cannot rely on that alleged inconvenience as a basis for transfer. *See, Sun Oil Company v. Lederle*, 199 F.2d 423, 424 (6th Cir. 1952). Any argument that potential witnesses may be required to travel fails to recognize that such conclusory assertions of inconvenience will not justify a transfer. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

The fourth factor deals with a compulsory process to compel witnesses' testimony. Other than the installer of the product at issue, all of the witnesses to include plaintiff's insureds and representatives from defendant Titeflex are under the control of these parties and presumably will be cooperative in appearing, should this matter proceed to trial. To the extent there are non-party witnesses that reside in excess of 100 miles from the court house, other district courts have recognized that such distances are not relevant when the jurisdictions at issue are as close as Connecticut and Pennsylvania.

While defendant Titeflex has listed a proposed group of witnesses that may potentially be called, it has not provided any representation relating to the relevance or importance of the testimony of such witnesses and has failed to otherwise demonstrate that convenience of the non-party witnesses warrants transfer. As previously set forth in plaintiff's opposition to defendant's Motion to Dismiss on *Forum Non Conveniens*, the generic listing of witnesses which includes the original architect, general contractor and code officials that approved construction of the home at issue has marginal relevance, at best, when it has been established that the home in question was constructed in the year 1928.

As to the familiarity of the forum with governing law factor, this case involves a very standard, design defect product liability case pursuant to *Restatement (Second) of Torts*. As both Pennsylvania and Connecticut apply versions of *Restatement (Second)* with little or no variation, this factor has no relevant bearing on the Motion to Transfer Venue.

As to trial efficiency, there are no other cases pending arising out of the operative facts of this residential fire. Therefore, a change in venue would have no bearing on the efficiency of the trial in this regard. Similarly, the relative financial means of the parties is also not relevant to defendant's motion as the plaintiff is a large insurance company and defendant is a company that sells products to a national market.

As the movant for this Motion to Transfer Venue, defendant Titeflex has the burden of demonstrating by clear and convincing evidence that the matter should be transferred from this District. The movant's failure to come forth with relevant evidence, in the form of an affidavit or sworn testimony, further demonstrates that this burden has not been met. *Bridgeport Machines, supra.* at 216 *citing, Van Ommeren Bulk Shipping, v. Tagship*, 821 F. Supp. 848 (D. Conn. 1993). The Motion to Transfer Venue is not properly supported and should be denied.

### III. <u>CONCLUSION</u>

For the aforementioned reasons, defendant Titeflex's Motion to Transfer Venue should be denied.

COZEN O'CONNOR

By: <u>*/s/ Mark E. Utke, Esquire*</u>
Mark E. Utke, Esquire
(PHV No. ct 22621)
1900 Market Street
Philadelphia, PA  19103
Phone: 215-665-2164
Fax:  215-665-2013
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that Plaintiff's Memorandum of Law in Opposition to Defendant Titeflex's Motion to Transfer Venue was filed on December 4, 2014 using the Court's ECF system. Notice of this filing will be sent electronically to all parties of record.

*/s/ Mark E. Utke, Esquire*

LEGAL\21675596\1