UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY as subrogee of
WILLARD and KIRSTEN GRAHAM,
    Plaintiff,
       v.
TITEFLEX CORPORATION,
    Defendant.

No. 3:14-cv-945 (MPS)

**MEMORANDUM OF DECISION**

**I.    Introduction**

Plaintiff Allstate Property and Casualty Insurance Company ("Allstate"), as subrogee of Willard and Kirsten Graham, brings this strict liability action against defendant Titeflex Corporation ("Titeflex") after a fire occurred at the Grahams' residence in Pennsylvania. Titeflex has moved to dismiss this action under the doctrine of *forum non conveniens* (ECF No. 22), or, in the alternate, to transfer it to the Eastern District of Pennsylvania (ECF No. 30). I DENY Titeflex's motion to dismiss for *forum non conveniens* because this doctrine does not apply when another federal forum is available; however, in the interest of justice, I GRANT Titeflex's Motion to Transfer under 28 U.S.C. § 1404(a)[1] and order that this case be transferred to the Eastern District of Pennsylvania, because most of the relevant factors of convenience and trial efficiency weigh in favor of transferring this case to the venue in which the fire occurred.

**II.    Background and Procedural History**

The following facts are undisputed. Allstate, an Illinois corporation with a principal place of business in Illinois, issued an insurance policy that provided coverage for the Grahams' residence in Pennsylvania. (Am. Compl. ¶¶ 1, 6.) To fuel appliances, the Grahams' house used

---

[1] 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

a propane gas distribution system that incorporated corrugated stainless steel tubing ("CSST") manufactured by Titeflex, a Connecticut corporation with a principal place of business in Tennessee.  (*Id*. ¶¶ 2, 7-8; MTD-1, Aff. ¶ 5.)  On or about August 21, 2011, lightning struck at or near the house.  (Am. Compl. ¶ 11.)  The resulting electricity energized the CSST, perforated the CSST gas line, and caused the propane gas to escape from the CSST and ignite.  (*Id*. ¶¶ 12-13.) The ensuing fire caused substantial damage to the Grahams' real and personal property.  (*Id*. ¶ 14.)  Allstate reimbursed the Grahams for their losses and now brings this action as the Grahams' subrogee, alleging that Titeflex, as the manufacturer and distributer of the CSST in the Grahams' home, is strictly liable for the damage caused by the fire.  (*Id*. ¶¶ 2, 15-16.)

Titeflex originally moved to dismiss Allstate's complaint for failure to state a claim and under the doctrine of *forum non conveniens*.  (ECF No. 15.)  Allstate responded by filing an amended complaint (ECF No. 20), to which Titeflex renewed its motion to dismiss solely on *forum non conveniens* grounds.  (ECF No. 22.)  Titeflex also filed a motion to transfer, arguing that should this Court not dismiss Allstate's complaint under *forum non conveniens*, it should transfer the case to the Eastern District of Pennsylvania[2] under 28 U.S.C. § 1404(a).  (ECF No. 30.)  Allstate has objected to both motions, arguing that the case should remain before this Court. (ECF Nos. 24, 34.)

**III.  Discussion**

   **A.  *Forum Non Conveniens***

Titeflex urges this Court to dismiss Allstate's amended complaint under the doctrine of *forum non conveniens* because it "alleges facts arising only in Pennsylvania, which will be decided under Pennsylvania law, and which has no factual basis in Connecticut," and because

---

[2] Titeflex initially sought transfer to the Middle District of Pennsylvania (Mot. to Transfer [ECF No. 31], at 1), but corrected itself after Allstate pointed out that venue lay in the Eastern District of Pennsylvania.  (Reply [ECF No. 35], at 1-2.)

Titeflex intends to bring related indemnity and contribution claims against Collins Plumbing, a third party Pennsylvania corporation that would not be subject to personal jurisdiction in Connecticut. (MTD-2, at 2.) In short, Titeflex argues that "Plaintiff's Amended Complaint must be dismissed under the doctrine of *forum non conveniens* because Pennsylvania—not Connecticut—is the proper forum for this lawsuit." (*Id.*, at 1.) This is incorrect.

Dismissal under *forum non conveniens* is improper when another federal forum is available, because "the federal venue transfer statute, 28 U.S.C. § 1404(a), has superseded the common law doctrine of *forum non conveniens* unless the alternative forum is abroad." *Frisof v. Swift Transp. Co.*, No. 08-cv-554, 2008 WL 4773059, at *1 (E.D.N.Y. Oct. 30, 2008) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996)); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013) ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3828 (4th ed.) ("*[F]orum non conveniens* today applies only when the superior forum is in a foreign country or perhaps, under rare circumstances, a state court or a territorial court."). The parties agree that the Eastern District of Pennsylvania provides an alternate federal forum in which Titeflex is amenable to jurisdiction. I therefore DENY the motion to dismiss on *forum non conveniens* grounds and construe Titeflex's arguments as part of its motion to transfer.

### B. Motion to Transfer

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it could have been brought, "[f]or the convenience of parties and witnesses, in the interest

of justice." As discussed, the parties agree that this action could have been brought in the Eastern District of Pennsylvania, which encompasses the county where the house fire occurred.

The defendant bears the burden of establishing by clear and convincing evidence that transfer would promote convenience and justice. *New York Marine & Gen. Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). "Among the factors to be considered in determining whether to grant a motion to transfer venue 'are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *Id.* (quoting reference omitted). The Court has broad discretion to make such a determination, and may "also consider two additional factors: (8) 'the forum's familiarity with the governing law'; and (9) 'trial efficiency and the interest of justice, based on the totality of the circumstances.'" *Aronstein v. Thompson Creek Metals Co.*, No. 3:14-cv-201, 2015 WL 235186, at *2 (D. Conn. Jan. 16, 2015) (quoting reference omitted).

### 1. Allstate's Choice of Forum

Although Allstate's choice of forum should ordinarily be given "substantial weight," "[w]hen plaintiffs choose a forum that is not any plaintiff's home forum, that choice of forum is accorded considerably less weight." *Costello v. Home Depot USA, Inc.*, 888 F. Supp. 2d 258, 267 (D. Conn. 2012). Allstate is an Illinois corporation with its principal place of business in Illinois (Am. Compl. ¶ 1), and it is bringing this suit as the Grahams' subrogee for damage to their house in Pennsylvania. (*Id.* ¶ 6.) Allstate's selection of Connecticut as its forum is therefore given considerably less weight when evaluating Titeflex's motion to transfer.

### 2. Convenience of Witnesses

"The convenience of the witnesses is generally considered the most important factor in determining whether a venue transfer is appropriate. The moving party must specifically identify witnesses in the transferring district upon which it will rely and state the likely contents of their testimony." *Labonte v. TD Bank, N.A.*, No. 3:10-cv-1335, 2011 WL 3930296, at *2 (D. Conn. May 11, 2011). "[I]t is not the prospective number of witnesses in each district that determines the appropriateness of a transfer, but, rather, the materiality of their anticipated testimony." *Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC*, 294 F. Supp. 2d 218, 220-21 (2003) (quoting *Schwartz v. Marriott Hotel Servs., Inc.*, 186 F. Supp. 2d 245, 249 (E.D.N.Y. 2002)).

Both parties have provided affidavits listing the witnesses and experts they may utilize, although they provide scant information as to the content of such testimony. (MTD-1, Aff. ¶ 6; Opp. to MTD, Aff. ¶ 6). Titeflex's list of witnesses includes the Grahams, general contractors, first responders, inspectors of the Grahams' residence, and Collins Plumbing. (MTD-1, Aff. ¶ 6.) None of these potential witnesses are located in Connecticut. It is unclear how material the testimony of any of these witnesses would be, save for Collins Plumbing, which Titeflex plans to file indemnity and contribution claims against, and which is located in Pennsylvania. Similarly, Allstate's affidavit of potential experts does not provide detail as to the materiality of each expert, and includes no Connecticut individuals and one Pennsylvania expert. Allstate also admits that "several potential witnesses reside in Pennsylvania." (Opp. to MTD, at 5.) This factor therefore somewhat favors transfer.

### 3. Location of Relevant Documents

"Although the location of relevant documents is entitled to some weight, modern photocopying technology and electronic storage deprive this issue of practical or legal weight." *Charter Oak Fire Ins. Co.*, 294 F. Supp. 2d at 221 (citing *Ford Motor Co. v. Ryan*, 182 F.2d 329,

331 (2d Cir. 1950)).  Titeflex argues that this factor favors transfer because the events giving rise to this action are all in Pennsylvania, as is the evidence, such as the Grahams' property and the building plans and permits.  (MTD-1, at 8.)  Given that the parties do not argue that any pertinent evidence is only in Connecticut, this factor weighs only slightly in favor of transfer.

### 4. Convenience of the Parties

"Transfer should not merely 'shift the burden of inconvenience from one party to the other.'"  *Costello*, 888 F. Supp. 2d at 268 (quoting *Pitney Bowes v. Nat'l Presort*, 33 F. Supp. 2d 130, 132 (D. Conn. 1998)).  Notably, Allstate provides no reason why transferring this action to Pennsylvania would merely shift the burden of inconvenience onto it.  Allstate has provided no reason to believe that Connecticut would be more convenient for it than Pennsylvania.  Further, as noted, the events giving rise to this action did not occur in Connecticut.  To the extent the parties discuss the relative convenience for counsel, such discussion is irrelevant.  *See id.* ("The convenience of counsel is not the appropriate consideration on a motion to transfer.") (citing *WorldCare Ltd. Corp. v. World Ins. Co.*, 767 F. Supp. 2d 341, 363 n.44 (D. Conn. 2011)).  Transferring would therefore not merely shift the burden of inconvenience, and this factor is neutral.

### 5. Locus of Operative Facts

Although "[c]ourts generally do not disturb a plaintiff's choice of forum unless other factors strongly favor transfer . . . A plaintiff's choice of forum receives less deference . . . when the locus of operative facts lies elsewhere."  *Labonte*, 2011 WL 3930296, at *2 (internal citations omitted).  "The locus of operative facts is a primary factor in determining whether to transfer venue."  *Aronstein*, 2015 WL 235186, at *2.  "To determine the 'locus of operative facts,' a court must look to the site of the events from which the claim arises."  *Id.*

6

The parties do not dispute that the events giving rise to Allstate's claim—the fire and resulting damage to the Grahams' residence—occurred in Pennsylvania. The locus of operative facts is therefore in Pennsylvania, and Allstate's choice of forum in Connecticut is afforded less deference. This factor weighs in favor of transfer.

### 6. Availability of Process to Compel Witnesses

Neither party has addressed whether the court would have difficulty compelling unwilling non-party witnesses to testify if this case were transferred to Pennsylvania. While none of the disclosed witnesses are in Connecticut, some of the likely witnesses Titeflex has identified—Collins Plumbing and the Grahams—are in Pennsylvania, and are therefore outside of this Court's subpoena power should this case remain in Connecticut. This factor therefore weighs slightly in favor of transfer.

### 7. Relative Means of the Parties

"The relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider." *Charter Oak Fire Ins. Co.*, 294 F. Supp. 2d at 222 (quoting reference omitted). Neither party has raised any issues regarding financial hardship should this case be transferred; in fact, Allstate acknowledges that their financial means are irrelevant, "as the plaintiff is a large insurance company and the defendant is a company that sells products to a national market." (Opp. to Transfer, at 5.) This factor is therefore neutral.

### 8. Forum's Familiarity with Governing Law

Allstate brings a strict liability claim under Pennsylvania law. Because "[d]istrict courts are presumed to be more familiar with the law of the state in which they sit," this factor favors transfer. *Costello*, 888 F. Supp. 2d at 269.

### 9. Trial Efficiency and the Interests of Justice

"This factor is 'broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.'" *Charter Oak Fire Ins. Co.*, 294 F. Supp. 2d at 222 (quoting *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)). Titeflex argues—and I agree—that this factor warrants transfer because Titeflex plans to bring indemnity and contribution claims against Collins Plumbing, a Pennsylvania corporation not subject to personal jurisdiction in Connecticut. Should this case proceed in Connecticut—a forum that has little if any ties to this action—Titeflex will have to file a separate suit against Collins Plumbing in Pennsylvania, resulting in piecemeal litigation that would undermine judicial economy. Thus, this factor also favors transfer.[3]

## IV. Conclusion

For the reasons above, I DENY Titeflex's motion to dismiss on the grounds of *forum non conveniens* but GRANT its motion to transfer this case to the Eastern District of Pennsylvania. In light of this ruling, Titeflex's Motion to Stay Discovery (ECF No. 36) is DENIED as moot. The Clerk is directed to transfer this case to the Eastern District of Pennsylvania.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
April 22, 2015

---

[3] To the extent Titeflex argues that Allstate's claim is barred by a Pennsylvania statute of limitations, the Eastern District of Pennsylvania is in a better position to address that argument than this Court.